UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXANDER LUECK VALENTINE,

                  Plaintiff,

v.                                      Case No. 24-cv-1345-pp

GREG STUMPNER,

                  Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

      Plaintiff Alexander Lueck Valentine, who is incarcerated at Redgranite Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On October 31, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $28.35. Dkt. No. 5. The court received that fee on November 19, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

   A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names Redgranite prison official Greg Stumpner as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that on August 6, 2024, while he was incarcerated at Redgranite, he went to receive his breakfast food trays. Id. at 2. He says that he has food allergies and has a medical order to accommodate them. Id. The plaintiff alleges that he was given a single food tray for his cold foods but was not given a separate tray for his hot foods. Id. He wrote to Stumpner about this incident, and Stumpner responded that there should have been a sticker with the plaintiff's food trays notifying incarcerated "server" workers to provide the plaintiff's hot foods on a separate tray. Id. The plaintiff

explains that "server" workers "are instructed not to give food from the line to anyone with a diet tray, since this can easily be a source of cross-contamination." Id. at 2.

The plaintiff alleges that not receiving a separate tray with his hot foods "created unnecessary risk and is an instance of deliberate indifference." Id. at 3. He "theorizes" that this incident was "caused by a general attitude that simply wishes the job be done regardless of the completeness." Id. He seeks $200,000 in "compensation for pain and suffering, as well as compensation for mental anguish and emotional trauma." Id. at 4.

C.  Analysis

The court analyzes the plaintiff's allegations about his food tray under the Eighth Amendment, which imposes a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Eighth Amendment protects against "deprivations of essential food" and "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981)). But only "extreme deprivations" amount to cruel and unusual conditions of confinement. Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)). The court must judge the alleged deprivation "in accordance with contemporary standards of decency." Id. (citing Hudson, 503 U.S. at 8, and Rhodes, 452 U.S. at 346). To proceed, the plaintiff must show that he has been deprived of "'the minimal civilized measure of life's necessities,'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes, 452 U.S. at 347), and that

prison officials acted with "deliberate indifference" to a substantial risk that he would suffer serious harm, Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

This court and several courts in the Seventh Circuit have concluded that "[a] single instance of contaminated food is insufficient to state a claim of deliberate indifference." Morris v. Buege, Case No. 23-cv-11, 2023 WL 2465882, at *4 (E.D. Wis. Mar. 10, 2023) (citing Franklin v. True, 76 F.3d 381 (7th Cir. 1996) (unpublished) (concluding that one instance of food poisoning was insufficient to state an Eighth Amendment claim); see also Eines v. Maynard, Case No. 21-cv-00354, 2023 WL 6158834, at *5 (S.D. Ind. Sept. 21, 2023) (citing cases for the proposition that "a single instance of unintentional food poisoning will never give rise to an Eighth Amendment violation"); Becerra v. Kramer, Case No. 16 C 1408, 2017 WL 85447, at *5 (N.D. Ill. Jan. 10, 2017) ("[A] single, isolated incident of food poisoning, even if suffered by many prisoners at an institution, does not rise to the level of a constitutional violation."). The situation is different if the plaintiff alleges "'that prison officials knew of a pattern of inmates being injured by bad food and did not[hing] to remedy the problem.'" Morris, 2023 WL 2465882, at *4 (quoting Olrich v. Kenosha County, Case No. 18-cv-1980, 2020 WL 1169959, at *3 (E.D. Wis. Mar. 11, 2020), and citing Green v. Beth, 663 F. App'x 471, 472 (7th Cir. 2016)).

The plaintiff has not alleged that his food was contaminated; he alleges that he received food that *could have been* contaminated because of the failure to use separate trays. The plaintiff alleges that on one occasion in August 2024, he did not receive a separate tray for his hot foods in accordance with his

5

Case 2:24-cv-01345-PP   Filed 01/10/25   Page 5 of 9   Document 7

medical accommodations. He has not alleged that this was part of a pattern of receiving single food trays. The plaintiff asserts that this created an unnecessary risk of cross-contamination, but he does not say whether he ate the foods on his food tray or, if he did, whether he suffered any harm from eating the food. Even if he had, this single instance of possible cross contamination would not violate the Eighth Amendment for the reasons the court explained above.

Even if this single instance of cross-contamination risk were sufficient to state an Eighth Amendment claim—and it is not—the plaintiff has not alleged that anyone, including the defendant, deliberately or intentionally put his food on one tray. The plaintiff does not even say what position Stumpner holds or why he should be held responsible for this incident. The plaintiff alleges only that he told Stumpner about this incident after it occurred, and Stumpner agreed that the plaintiff's hot and cold foods should be provided on separate trays. Stumpner told the plaintiff that the workers would have been notified of the plaintiff's allergies via a sticker on the plaintiff's tray, and the plaintiff suggests that a "general attitude" of indifference caused the incident. The plaintiff cannot sue the serving worker under §1983 "because an incarcerated individual is not clothed with the authority of state law and therefore does not act under color of state law." Lewis v. Guthrie, Case No. 23-cv-431, 2023 WL 5404449, at *2 (E.D. Wis. Aug. 22, 2023) (citing cases). Even if he could, the plaintiff's allegations suggest the incident was caused by the worker's mistake or negligence, which does not violate the Eighth Amendment. See Farmer, 511 U.S. at 835–36.

Because the conditions the plaintiff describes in his complaint do not come close to describing an extreme deprivation of "the minimal civilized measure of life's necessities," the complaint fails to state a claim for relief under the Eighth Amendment. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of facts surrounding this claim. The court finds it certain that amendment would be futile and will not allow the plaintiff an opportunity to amend his complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$321.65** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an

7

Case 2:24-cv-01345-PP   Filed 01/10/25   Page 7 of 9   Document 7

amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Redgranite Correctional Institution, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying

the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 10th day of January, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**